UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IVAN EDGAR SEDANO HUAMANYALLI,

Petitioner,

v. Case No. 2:26-cv-2708-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, US ATTORNEY GENERAL,

Respondents.
_______________________________/

## ORDER

Petitioner Ivan Edgar Sedano Huamanyalli was provided with a bond hearing under 8 U.S.C. § 1226(a) on September 9, 2026. (Doc. 9-1 at 13.)[1] He now argues that those proceedings were constitutionally inadequate, and asks the Court to release him or order a new hearing. (Doc. 1.) The Government opposes the petition. (Doc. 9.)

Huamanyalli argues that the immigration bond hearing he received was constitutionally deficient because he was given the burden of proof. (Doc. 1 at 5.) That is a claim this Court can address. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

1953128, at *1 (M.D. Fla. July 7, 2026); *Rubio v. Hardin*, No. 2:26-CV-125-KCD-NPM, 2026 WL 1390984, at *1 (M.D. Fla. May 19, 2026).

And the Court agrees that the Government must bear the burden of proof to pass constitutional muster. *See Tejada v. Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D. Ala. July 29, 2026). "In sum, detainees' fundamental liberty interest is severely impacted by placing the burden of proof on them, while the government's interests are minimally affected by assigning the burden of proof to the government. Therefore, due process requires placing the burden of proof on the government." *Id.* at *8.

Because Madrid's bond hearing was constitutionally insufficient on the current record, the habeas petition (Doc. 1) is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Huamanyalli for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 3, 2026.

Kyle C. Dudek
United States District Judge